**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 04-80-P-H** |
| | ) | |
| **ABDEL DESVARIEUX,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

The defendant has asked for the appointment of counsel on a form prepared by this District's Federal Defender's office in connection with processing cases under the retroactive crack cocaine Guideline amendment. Because the retroactive Guideline cannot help this defendant, however, I deny the motion.

I sentenced the defendant on November 22, 2004. I found him to be a career offender under Guideline 4B1.1, with a Guidelines range of 262 to 327 months. Drug quantity did not affect determination of that Guidelines range.[1] I then granted a government motion to depart and sentenced the defendant to 204 months.

Because the defendant's final sentence was not affected by drug quantity (not in calculation of the Base Offense Level or Total Offense Level and in the resulting Guidelines range; and not in the amount of the downward departure),

---

[1] Except in the sense that the quantity charged in the indictment affected the maximum authorized sentence under 21 U.S.C. § 841(b)(1)(B). Because the defendant had previous felony drug *(continued on next page)*

the Guideline amendment reducing the offense levels for crack cocaine cannot alter this defendant's sentence.

Accordingly, the defendant's motion, treated as both a motion to appoint counsel and to reduce sentence under 18 U.S.C. § 3582(c), is **DENIED**.

**SO ORDERED.**

**DATED THIS 6TH DAY OF MARCH, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

convictions, the maximum sentence was life and the base offense level was 37 under Guideline 4B1.1.

2